**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**WILLIE EARL HENRY**
**ADC #77819-8267**                                                                                                                  **PLAINTIFF**

**V.**                              **CASE NO. 2:14-CV-00047 JLH/BD**

**RAY HOBBS, et al.**                                                                                                                **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Court Judge J. Leon Holmes. Mr. Henry may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II. Discussion

On April 3, 2014, Willie Earl Henry, an Arkansas Department of Correction inmate, filed this lawsuit pro se under 42 U.S.C. § 1983. (Docket entry #2) In his original complaint, Mr. Henry sued a number of Defendants, apparently attempting to challenge a state criminal conviction and sentence.

He later submitted an amended complaint naming three additional Defendants (#8), but the amended complaint did not adequately explain his additional claims. Thus, on May 21, 2014, the Court ordered Mr. Henry to file a second amended complaint, within thirty days, clarifying his constitutional claims against each of the named Defendants. (#9)

On June 18, 2014, Mr. Henry filed several papers with the Court, which were docketed as "exhibits." (#10) In those papers, Mr. Henry claimed "first degree false imprisonment petition." He also included a "motion for new trial/relief from judgment," again challenging his state criminal conviction and sentence. (#10 at pp.29-40)

Mr. Henry has failed to file an amended complaint that includes allegations that state a constitutional claim against any named Defendant. To the extent papers filed on June 18 were intended as his amended complaint, Mr. Henry has failed to comply with

the order to explain how each named Defendant violated his federally protected rights.

First, Mr. Henry seeks release from state custody based on an alleged "illegal" sentence. This Court cannot grant the relief Mr. Henry requests in a § 1983 action. Second, to the extent that Mr. Henry seeks monetary relief, he cannot pursue that claim now. If a judgment in favor of a prisoner in an action brought under 42 U.S.C. § 1983 would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, the prisoner cannot bring a claim for damages until the conviction or sentence has been reversed, expunged, or called into question by a state tribunal or federal court. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Based on *Heck*, any demand for damages is premature.

### III. Conclusion

The Court recommends that Mr. Henry's claims be dismissed, without prejudice, for failure to comply with the Court's May 21, 2014 Order.

DATED this 31st day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE